UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES R. POLETTE,

                                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

                                    Defendant.

Case No. 3:12-cv-06002-BHS-KLS

ORDER DENYING PLAINTIFF'S
MOTION/DECLARATION FOR STAY OF
PROCEEDINGS AND OTHER RELIEF

        This matter comes before the Court on plaintiff's filing of a motion/declaration for stay of

proceedings and other relief. See ECF #12.  This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing

plaintiff's motion, defendant's response thereto and the remaining record, the Court hereby finds

that for the reasons set forth below plaintiff's motion should be denied.[1]

                        FACTUAL AND PROCEDURAL HISTORY

        On September 13, 2009, plaintiff filed an application for disability insurance benefits,

which was denied on initial administrative review thereof on October 5, 2009. See ECF #7,

Administrative Record ("AR") 19, 62, 64-66, 111-12.  On December 1, 2009, plaintiff requested

---

[1] Although plaintiff requests oral argument in regard to his motion, the Court finds such argument to be unnecessary.

ORDER - 1

1    that the initial denial of his application be reconsidered. See AR 69. That application again was

2    denied on reconsideration on February 11, 2010. See AR 19, 63, 70-74. Plaintiff filed a request

3    for a hearing by an Administrative Law Judge ("ALJ"), and such a hearing was held on March

4    17, 2011. See AR 19, 32-61, 75-76.

5

6        In a decision dated March 22, 2011, the ALJ determined plaintiff to be not disabled. See

7    AR 19-28. Plaintiff filed a request for review of the ALJ's decision by the Appeals Council on

8    April 11, 2011. See AR 15. Plaintiff also filed a request for more time before the Appeals

9    Council acted on his request, which was granted by on July 27, 2012. See AR 7-8. On

10    September 18, 2011, however, the Appeals Council denied plaintiff's request for review, making

11    the ALJ's decision the final decision of the Commissioner of Social Security (the

12    "Commissioner"). See AR 1-5; 20 C.F.R. § 404.981.

13

14        On November 21, 2012, plaintiff filed a complaint in this Court seeking judicial review

15    of the Commissioner's final decision. See ECF #1. The administrative record was filed with the

16    Court on May 20, 2013. See ECF #7. On May 20, 2013, the Court issued its scheduling order,

17    directing plaintiff to file his opening brief by June 17, 2013. See ECF #9. On June 19, 2013, the

18    Court granted plaintiff's motion for an extension of time to file his opening brief, directing that it

19    be filed by July 17, 2013. See ECF #11. Plaintiff's motion/declaration for stay of proceedings

20    and other relief was filed on July 17, 2013. See ECF #12. That motion is now ready for review

21    and a decision by the Court.

22

23                          DISCUSSION

24        Plaintiff requests that this matter be stayed to allow him to petition the Commissioner to

25    re-open its final decision pursuant to 20 C.F.R. § 404.988 to address the constitutional issues he

26

raises in his motion for stay of proceedings.[2]  Specifically, plaintiff alleges his "due process rights were violated by irregularities in the initial disability determination" committed by the state agency responsible for conducting the initial administrative review of his application. ECF #12, p. 1.  This allegation is based on a review of the administrative record conducted by plaintiff's attorney subsequent to the administrative proceedings noted above. See id., pp. 2-3.

That review, plaintiff asserts, shows the state agency had at most two hours in which to review some 24 pages of medical records from his health care provider. See ECF #12, pp. 3-4; AR 64, 190-213.  Plaintiff further asserts this shows the state agency did not thoroughly review those records. ECF #12, pp. 3-4.  He asserts as well that while the state agency was required to use a medical consultant to conduct its initial administrative review of his application, it did not do so here, but rather waited another four months before using one in denying that application on reconsideration. See ECF #12, p. 5.  Based on these assertions, plaintiff argues:

> . . . that by 1) initially denying his disability claim based on a cursory look (at best) at his medical evidence by a person unqualified to evaluate such record and 2) then relying upon this unfair process as a basis for the ALJ's unfavorable decision, [he was deprived] of his due process right to a meaningful evaluation of his condition and therefore of his claim.  More particularly, shoddy or dishonest initial determinations . . . inevitably resonate through the proceedings to the ALJs, who must address the opinions of State agency medical and psychological consultants and explain the weight given to their opinions in an ALJ decision. . . .

ECF #12, pp. 5-6.  The Court finds these arguments to be wholly without merit.

---

[2] Relying on the Supreme Court's decision in Weinberger v. Salfi, 422 U.S. 749 (1975), plaintiff appears to base his motion in part on the assertion that the Court does not have the authority to consider his constitutional claim until he has exhausted his administrative remedies with respect thereto. See ECF #12, p. 6.  But as pointed out by defendant, the reliance plaintiff places on that decision is misplaced. See ECF #13, pp. 7-8.  Contrary to plaintiff's assertion of lack of subject-matter jurisdiction, the Supreme Court has long "adhered to the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." Califano v. Sanders, 430 U.S. 99, 109 (1977).  Indeed, such questions are far more appropriately addressed through the judicial process than they are via agency proceedings. See id. ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

ORDER - 3

First, plaintiff has failed to show that a re-opening of the Commissioner's final decision would be available under 20 C.F.R. § 404.988.  That regulation lists several conditions pursuant to which a re-opening may occur, none of which appear to be applicable here. See id.  The only possible one would be for "good cause" as that term is defined in 20 C.F.R. § 404.989. 20 C.F.R. § 404.988(b).  "Good cause" exists where:

> (1) New and material evidence is furnished;
>
> (2) A clerical error in the computation or recomputation of benefits was made; or
>
> (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

20 C.F.R. § 404.989(a).  Of these only 20 C.F.R. § 404.989(a)(1) would seem to be applicable, but the documentation of the state agency's initial review of plaintiff's application clearly was available – and thus made known –  to plaintiff well before the issuance of the Commissioner's final decision in this matter, as shown by the notice thereof contained in the administrative record. See AR 64-66.

Second, plaintiff has not shown that even if he is correct that the state agency spent only two hours reviewing the submitted medical records, that that amount of time was insufficient to allow for a proper initial administrative determination in this matter.  As defendant notes, there is nothing in those records to indicate that a proper review thereof could not have been done within that time frame. See AR 190-213.  Nor has plaintiff made any showing that had the state agency spent more time reviewing the medical records in question at the initial stage of review, that any different result would have occurred.

Third, while plaintiff relies on 20 C.F.R. § 404.1615(c)(1) – which states that "[d]isability determinations will be made by . . . [a] State agency medical or psychological consultant and a

State agency disability examiner" – to argue the state agency erred by not doing so in this case at

the initial stage of administrative review, as pointed out by defendant:

> Plaintiff's [disability] claim was reviewed by a Single Decision Maker [Model (SDM)] at the initial stage ([AR] 62, 64-66, 153-155, 214-221).  The Single Decision Maker model was created by the [Social Security Administration ("SSA")] in order to "improve the disability determination process," and the [SSA] uses the model in ten test states, including Washington state. [Program Operations Manual System] POMS DI 120015.100(C), [https://secure.ssa.gov/apps10/poms.nsf/lnx/0412015100]. The Single Decision Maker model of disability adjudication was conducted in accordance [with] 20 C.F.R. § 404.906(b)(2). . . .

ECF #13, p. 4.  Under the SDM, "Disability Examiners with SDM authority complete all

disability determination forms and make initial disability determinations in many cases without

medical or psychological consultant (MC or PC) signoff." POMS DI 120015.100(B)(1), https://

secure.ssa.gov/apps10/poms.nsf/lnx/0412015100; see also 20 C.F.R. § 404.906(b)(2).[3]  Plaintiff,

as further pointed out by defendant, has not shown the state agency failed to comply with the

requirements of POMS DI 120015.100 or 20 C.F.R. § 404.906(b)(2) in this case.[4] In addition, as

noted above, a medical consultant did subsequently review the record in also denying plaintiff's

application on reconsideration thereof (see AR 70-74, 214-21, 355), and plaintiff again has made

no showing that the fact that such review occurred some four months later unfairly prejudiced his

claim or was otherwise improper under the Commissioner's regulations.

---

[3] That regulatory provision states in relevant part:

> In the single decisionmaker model, the decisionmaker will make the disability determination and may also determine whether the other conditions for entitlement to benefits based on disability are met. The decisionmaker will make the disability determination after any appropriate consultation with a medical or psychological consultant. The medical or psychological consultant will not be required to sign the disability determination forms we use to have the State agency certify the determination of disability to us (see § 404.1615). . . .

Id.

[4] Indeed, at least on the face of the initial administrative determination notice there is no indication in the record that proper procedures were not followed here. See AR 64-66.

ORDER - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Fourth, plaintiff has not shown that any error that did occur at the initial review stage in fact tainted the subsequent review of the evidence in the administrative record conducted by the ALJ. Plaintiff's assertion that "shoddy or dishonest initial determinations by [the state agency] inevitably resonate through the proceedings to the ALJs" (ECF #12, pp. 5-6), has no support in the record and therefore is insufficient to show error – let alone error of constitutional magnitude – occurred in this case. Nor is there any indication that the ALJ was improperly influenced by what occurred previously during the administrative review process, and plaintiff has not made any serious attempt to show otherwise.

Fifth, plaintiff already has received all process that was due him. "It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his [or her] claim for disability benefits may be denied." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)); see also Ludwig v. Astrue, 681 F.3d 1047, 1053 (9th Cir. 2012) ("Notice and [a meaningful] opportunity to be heard are the hallmarks of procedural due process.") (citation omitted). Claimants are provided several opportunities for having their applications for disability benefits be reviewed, including as noted above determinations made at the initial and reconsideration levels of administrative review and after a hearing before an ALJ, as well as judicial review following appeal to federal court. See 20 C.F.R. § 404.900(a). As noted above, plaintiff has taken full advantage of all of these levels of review. He has not shown that he has been denied any level of administrative or judicial review to which he is entitled or would be entitled on re-opening of his claim.

Sixth and last, even if error did occur at the initial administrative review level implicating his due process rights, plaintiff has not shown any prejudice warranting remand. In addition to the requirement that a due process violation actually be shown – which has not been done for the

ORDER - 6

reasons discussed above – prejudice as a result of that violation also must be demonstrated. See Ludwig, 681 F.3d at 1053-54 (citing Shinseki v. Sanders, 556 U.S. 396, 407 (2009)). A finding of prejudice "requires 'case-specific application of judgment, based upon examination of the record.'" Id. at 1054 (quoting Sanders, 556 U.S. at 407). The "burden is on the party claiming error to demonstrate" prejudice, however, as it is to establish the alleged constitutional error in the first place. Id. In addition, that party must "show at least a 'substantial likelihood of prejudice.'" Id. (citation omitted).

"Among the case-specific factors" the Court "must consider are 'an estimation of the likelihood that the result would have been different,' as well as the impact of the error on the public perception of such proceedings." Id. (quoting Sanders, 556 U.S. at 411) (internal footnote omitted). As discussed above, plaintiff has already received all process that was due him and has failed to show the result would be any different if remand were allowed as requested. Plaintiff, furthermore, has not shown the existence of any error on the part of the state reviewing agency, or the Commissioner for that matter, in reviewing his application, let alone demonstrated that any possible error that did occur has had or would have an adverse impact on the public's perception of the administrative review process in the Social Security context. A substantial likelihood of prejudice, therefore, has not been shown here.

<u>CONCLUSION</u>

For the reasons set forth above, plaintiff has failed to show his due process rights have been violated or that remand for the purpose of seeking a re-opening of the Commissioner's final decision is otherwise warranted at this time. Accordingly, plaintiff's motion/declaration for stay of proceedings and other relief (see ECF #12) hereby is DENIED. Plaintiff, therefore, is directed to file his opening brief by **no later than September 27, 2013**. Defendant shall file her

ORDER - 7

1    responsive brief by **no later than October 25, 2013**.  Plaintiff shall file his reply brief, if any, by

2    **no later than November 8, 2013**.

3            The Clerk is directed to send a copy of this order to counsel for plaintiff and counsel for

4    defendants.

5            DATED this 30th day of August, 2013.

6

7

8

9

10                                                      Karen L. Strombom
                                                        United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8