UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES R. POLETTE,

              Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

              Defendant.

CASE NO. C12-6002 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt.18), and Plaintiff James R. Polette's ("Polette") objections to the R&R, (Dkt. 19).

## I.    PROCEDURAL & FACTUAL BACKGROUND

On February 25, 2014, Judge Strombom issued an R&R recommending the Court affirm the Administrative Law Judge's (ALJ's) decision that Polette is not disabled and denying benefits. Dkt. 18. On March 14, 2014, Polette filed objections to the R&R. Dkt.

ORDER - 1

19.[1] On April 4, 2014, Defendants filed a reply, arguing in part that R&R should be affirmed. Dkt. 24.

## II. DISCUSSION

**A.  Standard of Review**

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P 72(b)(3).

**B.  Objections**

Polette filed objections to the R&R, essentially arguing that:  (1) the ALJ erred in applying an incorrect legal standard by treating the opinion of a Washington State disability examiner as a medical opinion, and (2) that the August 25, 2010 opinion of treating physician Dr. Jeffry Ford, D.O ("Dr. Ford"), which was submitted to the Appeals Counsel after the ALJ rendered his decision, demonstrates that the record lacks substantial evidence to support the finding of non-disability. *Id.*

---

[1] On March 17, 2014, the Commissioner filed a response objection to Polette's objection because they were filed three days after the fourteen day deadline (Fed. R. Civ. P. 72(b), asserting that the Court has no duty to consider them as they are improper. Dkt. 21. On March 26, 2013, the Court issued an a show cause order directing Polette to show cause that he had just reason for his delay in filing and permitted the Commissioner to file a reply.  *Id.* at 2.  On March 31, 2014, Polette filed a response to the show cause order, arguing that his objection were timely pursuant to Fed. R. Civ. P. 6(d), which allows three days to be added to the actual service when pleadings or other papers are delivered by means of other than direct personal service. Dkt. 22 at 2.  In this case, the R&R was served by two means: electronically and by mail. Polette's interpretation of Fed. R. Civ. P. (6) is correct. Further, due to the preference for hearing cases on the merits rather than dismissing them on mere technicalities, the Court will so hear the objections in this particular instance, where objections were only filed three days late and all the briefing is in.

**1. Examiner's non-medical opinion affirmed by physician as medical opinion**

In evaluating the medical opinion evidence in the record in this case, the ALJ found in relevant part that non-medical state examiner James F. Smith's opinion, which was reviewed and affirmed by Dr. Robert G. Hoskin, M.D., a non-examining consultative physician, as his medical opinion (See AR 214-21, 355), reflected that:

> …in October 2009 and February 2010 … [the] claimant could occasionally lift 20 pounds and frequently lift 10 pounds and stand and/or walk for about 6 hours in an 8 hour workday and sit for about 6 hours in an 8 hour workday; but must periodically alternate sitting and standing to relieve pain or discomfort; and could occasionally climb, balance, stoop, kneel, crouch, crawl; and should avoid concentrated exposure to extreme cold or wetness (2F, 6F). The state agency opinion is given significant weight because it is consistent with the record as a whole.

AR 25. In addition, the ALJ found:

> In November 2010 [the] claimant's treating doctor, Dr. [Michael Dansie], reported "I . . . discussed that based on what [he] has told me (his ability to both his long drive himself, (sic) and do activities of daily living) that he would not qualify for disability" (5F/10). In November 2010 Dr. Rodney Muhammad opined "apparently, this patient is fit enough to become physically aggressive and threatening. He had no problem with upper or lower extremity function when he felt his anger and aggression was justified." He further opined "he is also, apparently, capable of functioning at a level that would allow for him to work in some capacity by history alone" (5F/12). While somewhat vague, the opinions of [the] claimant's treating and examining doctors that he is not disabled and can likely work are given some weight because these opinions are generally consistent with the record as a whole. The above residual functional capacity for a limited range of light work, allowing for a sit/stand option and limiting [the] claimant to unskilled work, gives [the] claimant the benefit of the doubt as to his subjective reporting of pain, and better reflects the record as a whole including [the] claimant's activities of daily living.

AR 26. In the R&R, Judge Strombom noted that although Polette had argued it was legally improper for a non-medical source to provide the initial residual functional

assessment, and then months later for a medical source to affirm it, Judge Strombom found that argument without merit in her prior order denying Polette's motion/declaration for stay of proceedings and other relief. Dkt. 18 at 6 (*citing* Dkts. 12 and 14). Finding that Polette made essentially the same argument regarding the same issues in his opening and reply briefs and presented no new, valid reasons for overturning the prior ruling on those issues, Judge Strombom determined Polette's argument to be without merit on the same basis as her prior ruling. *Id*. at 6, n.2 (*citing* Dkts. 12 and 14).

Similarly, in Polette's objection to the R&R, she argues that it was legally improper for a non-medical source to provide the assessment and then for a medical source to affirm it, as an "'affirmation' is not a bona fide medial opinion" pursuant to Social Security regulations. *See* Dkt. 4-5. However, Polette's points to no regulation or other legal basis that actually prohibits an ALJ from considering as a medical opinion the report of an M.D., who reviewed and affirmed the specific findings and conclusion of a state examiner, and adopted it as his or her own medical view. Additionally, contrary to Polette's contention is was not error for Judge Strombom to refer to her prior order on the same issue (Dkt. 14) to help her arrive at her conclusion that Polette's argument concerning essentially the same issue was without merit. *Id*. at 6. Polette's objections to Judge Strombom's well-reasoned R&R concerning this issue are without merit. Thus, the Court adopts the R&R on this basis.

**2. Dr. Ford's report and substantial evidence**

Polette submitted a report from Dr. Ford's dated August 25, 2010 to the Appeals Council, not the ALJ. That opinion in relevant part:

ORDER - 4

> Mr. Polette has been a patient of mine the past 12 years. The past 6 years he has been struggling with progressive back pain with lumbar radiculopathy. He has some foraminal stenosis and degenerative disk disease as noted on his lumbar MRI done August 2009. He is very limited despite significant pain medication in his activity level due to aggravation of his symptoms with any prolonged standing or sitting. Due to this he has been unable to work for some time. He needs to be able to change positions frequently and generally lay supine for much of the day. . . .

AR 189.

Judge Strombom found that:

> First, Dr. Ford's own treatment notes fail to support his subsequent disability opinion, as they contain little in the way of objective clinical findings or observed functional limitations that are consistent therewith. *See* AR 195, 199, 204, 242; *Batson,* 359 F.3d at 1195. Second, those notes show as well plaintiff engaged in significant work-related activity that also is at odds with Dr. Ford's disability opinion. *See* AR 194-95, 204-06; *Morgan*, 169 F.3d at 601-02 (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that claimant's reported activities of daily living contradicted that conclusion). Third, Dr. Ford's disability opinion is directly at odds with the substantial weight of the medical evidence in the record, including the opinion of the other treating and examining physicians in the record discussed by the ALJ. *See* AR 24-26; *Batson*, 359 F.3d at 1195.

Polette argues that Judge Strombom gave "short shrift" to the opinion of treating physician, Dr. Ford, arguing that, a proper evaluation of his opinion would result in findings that Polette was disabled. Dkt. 19 at 7. Specifically, Polette argues that Judge Strombom erred in concluding that his opinion was not supported by objective findings or observed functional limitations, mainly because of his reference to an August 2009 spinal MRI, which showed specific issues at various points in the spine. *Id*. at 8. Polette argues that other evidence in the record also supports Dr. Ford's opinion that he is disabled, including the opinion of Dr. Muhammad, D.O. (AR 341) and state examiner

ORDER - 5

1 | Smith, who agreed that the MRI showed "very severe spinal stenosis" (AR 221). *Id.* at 8-
2 | 9.
3 |       The Court finds that while Dr. Ford referenced the August 2009 MRI, showing
4 | medical issues with Polette's spine, his additional medical opinion does not provide a
5 | sufficient basis for reversing the ALJ's decision. Dr. Ford's brief note lacks the
6 | specificity and explanation necessary to find Judge Strombom erred in rejecting his
7 | opinion. Without more in the way of objective clinical findings or observed functional
8 | limitations from Dr. Ford explaining why it is necessary for Polette to lay supine for
9 | much of the day, indicating clearly what "much of the day" means in terms of hours and
10 | whether that alleged need is for a consecutive or intermittent number of hours during a
11 | work day, the Court has no basis to find Judge Strombom's conclusion was incorrect.
12 |       Additionally, Polette argues that Judge Strombom inappropriately discounts Dr.
13 | Ford's opinion because the "work-related activity" referenced by the ALJ in a September
14 | 2009 note from Dr. Ford actually occurred prior to Polette's alleged disability onset. *See*
15 | Dkt. 19 at 9-10.  Even if this is so, as it appears to be, the ALJ discussed other medical
16 | opinions which establish that Polette engaged in activities of daily living which support
17 | the conclusion that substantial evidence in the record exists to uphold the ALJ's decision
18 | that the Polette is not disabled. For example, Dr. Dansie noted Polette was capable of
19 | long drives. AR 24-25, 337. Dr. Muhammad wrote Polette's was able to drive with "little
20 | or no problem." AR 25 and 338.  Dr. Muhammad also noted Polette admitted to "raking
21 | leaves in his yard and doing other chores for several hours before pain ensues." *Id.*
22 | Further, Polette reported playing golf and mowing the lawn for 4 hours. AR 22, 200 and

1  233. Polette also reported assisting with a remodel and packing for moving, wherein he
2  spent many hours per day over the course of multiple days "packing and unpacking" and
3  "taking down cabinets." AR 21, 224. Substantial evidence in the record exists to support
4  the ALJ's conclusion.

## III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 8th day of May, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge